UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ONEBEACON AMERICA INSURANCE COMPANY, | * * * | |
| Plaintiff, | * * | |
| v. | * * | Civil Action No. 10-10164-JLT |
| COMMERCIAL UNION ASSURANCE COMPANY OF CANADA, | * * * | |
| Defendant. | * | |

MEMORANDUM

August 18, 2011

TAURO, J.

I. Introduction

This case concerns various insurance and reinsurance agreements made by the Parties in the early 1980s. Presently at issue are Defendant's Motion to Strike [#33], Plaintiff's Motion to Strike Affidavit of Edwin M. Millette [#38], Plaintiff's Motion for Summary Judgment [#20], and Defendant's Motion for Summary Judgment [#25]. For the following reasons, Defendant's Motion to Strike is ALLOWED; Plaintiff's Motion to Strike is ALLOWED IN PART and DENIED IN PART; Plaintiff's Motion for Summary Judgment is DENIED; and Defendant's Motion for Summary Judgment is ALLOWED.

II. Background

A. The Insurance Policies

In the early 1980s, Plaintiff OneBeacon America Insurance Company ("OneBeacon"),

formerly known as Commercial Union Insurance Company,[1] and Defendant Commercial Union Assurance Company of Canada ("Aviva"), now known as Aviva Insurance Company of Canada,[2] were affiliated members of the Commercial Union group of insurance companies. At that time, Harrisons & Crosfield (America) Inc. and Harrisons & Crosfield (Pacific) Inc. (collectively, "Harrisons US") conducted the U.S. operations for Harrisons & Crosfield (Canada) Ltd. ("Harrisons Canada"), a Canada-based corporation.[3]

Plaintiff issued policy number C8-9101-002 to Harrisons US, effective March 28, 1980 through April 1, 1981 ("1980 OneBeacon Policy").[4] The 1980 OneBeacon Policy contains "Endorsement Number 4," which provides:

> It is understood and agreed that this policy or any renewal thereof is 100% reinsured by Commercial Union Assurance Company of Canada policy number 6687287 effective 3/28/80 to 4/1/81.
>
> It is further agreed that cancellations of either this policy C8-9101-002 or any renewal thereof or policy 6687287 or any renewal thereof shall be reason for automatic cancellation of the other policy.[5]

The premium listed on the 1980 OneBeacon Policy is "Canadian $45,530."[6] The "Producer" code

---

[1] See OneBeacon America Insurance Company's Mem. Law Supp. Its Mot. Summ. J., 1 [#21] [hereinafter Pl.'s Mem. Law Summ. J.]; Aviva's Statement Undisputed Material Facts Supp. Its Mot. Summ. J. ¶ 2 [#27] [hereinafter Def.'s Facts].

[2] See Pl.'s Mem. Law Summ. J., 1 [#21]; Def.'s Facts ¶ 4 [#27].

[3] Def.'s Facts ¶ 5 [#27] (citing Compl. ¶¶ 1, 9 [#1]).

[4] OneBeacon Am. Ins. Co.'s Concise Statement Facts Supp. Its Mot. Summ. J. ¶ 3 [#24] [hereinafter Pl.'s Facts]; Def.'s Facts ¶ 11 [#27].

[5] Aff. Paul Hurley Jr., Ex. A, at 14 [#22] [hereinafter Hurley Aff.].

[6] Hurley Aff., Ex. A, at 6, 7 [#22].

2

for the 1980 OneBeacon Policy is "02-20211."[7] Plaintiff's premium records state that Plaintiff received $4252 for the 1980 OneBeacon Policy.[8]

Also on March 28, 1980, Defendant issued policy No. 6687287 (the "1980 Aviva Policy") to Harrisons Canada.[9] The 1980 Aviva Policy contains a "Difference in Conditions Endorsement," which states:

> In consideration of the premium charged, the Insurer agrees that this policy is placed in conjunction with and reinsures Policy No. CL C8-9101-002 issued by Commercial Union Insurance Company, or any renewal thereof, in respect of:
> Insured:   Harrisons & Crosfield (America) Inc.,
>            Harrisons & Crosfield (Pacific) Inc.
> . . .
> Exceptions:   This insurance differs from the policy which it follows in the following particulars:
> (a) Premium: $45,530.00 (Canadian Funds – Deposit)
> The Limit of Liability under either or both policies shall not exceed $1,000,000.00 as set forth in Policies 6687287 and CL C8-9101-002 or any renewal policies issued by this Insurer.[10]

On or about November 26, 1980, Defendant issued Reinsurance Certificate No. 9009419 ("Facultative Certificate"[11]) to Plaintiff for the period March 28, 1980 to April 1, 1981.[12] The Facultative Certificate is the only contract between Plaintiff and Defendant in the record.[13] The

---

[7] Aff. Benjamin L. Hincks, Ex. 6, at 6 [#28] [hereinafter Hincks Aff.]

[8] Hincks Aff., Ex. 3, at 2 [#28]; see id. at Ex. 2, at 13; id. at Ex. 11, at 2.

[9] Aff. Jennifer L. Noe Supp. OneBeacon Am. Ins. Co.'s Mot. Summ. J., Ex. A, at 33 [#23] [hereinafter Noe Aff.]; see Pl.'s Facts ¶ 1 [#24].

[10] Noe Aff., Ex. A, at 33 [#23]; see Pl.'s Facts ¶ 2 [#24]; Def.'s Facts ¶ 46 [#27].

[11] A "facultative certificate" is a "contract of reinsurance separately negotiated to cover risks under a single insurance policy." Black's Law Dictionary 631 (8th ed. 2004).

[12] See Hincks Aff., Ex. 10, at 2 [#28]; Hincks Aff., Ex. 11, at 2 [#28].

[13] Def.'s Facts ¶ 49 (citing Hincks Aff., Ex. 2, at 28–29 [#28]).

Facultative Certificate states that it reinsures policy number C8-9101-002[14]—that is, the 1980 OneBeacon Policy. The reinsurance premium listed on the Facultative Certificate is "$45,530.00 Canadian."[15] When Defendant mailed the Facultative Certificate to Plaintiff, Defendant enclosed a cover letter, the Facultative Certificate, and a check in the amount of $4553 Canadian.[16] The letter, dated November 26, 1980, states: "Further to yours of July 1st, 1980. Attached is our Reinsurance Certificate along with our cheque in the amount of $4,553.00 Canadian being your override commission of 10% of the premium which was $45,530.00 Canadian."[17]

Plaintiff issued policy number C8-9138-002 to Harrisons US, effective April 1, 1981 to April 1, 1982 (the "1981 OneBeacon Policy").[18] The named insureds on the 1981 OneBeacon Policy are Harrisons US and Harcros Inc,[19] and the "Additional Insureds" are Harrisons & Crosfield Ltd. and Wilkinson Linatex.[20] The Producer code for the 1981 OneBeacon Policy is "02-20020."[21] On the 1981 OneBeacon Policy, above the phrase "renewal of or previous no.," is

---

[14] Hincks Aff., Ex. 10, at 2 [#28].

[15] Hincks Aff., Ex. 10, at 2 [#28].

[16] See Hincks Aff., Ex. 11, at 2 [#28].

[17] Hincks Aff., Ex. 11, at 2 [#28].

[18] Hincks Aff., Ex. 7, at 3 [#28]. The Parties dispute whether the 1981 OneBeacon Policy is a renewal of the 1980 OneBeacon Policy.

[19] Hincks Aff., Ex. 7, at 4 [#28]. In 1979, Harrisons Canada formed Harcros Inc., a brokerage house that placed insurance for Harrisons US and Harrisons Canada between 1979 and 1986. Def.'s Facts ¶ 6 [#27].

[20] Hincks Aff., Ex. 7, at 4 [#28] (explaining that the Additional Insureds are only insured "in respect of their direct sales into the United States of America, its territories and possessions").

[21] Hincks Aff., Ex. 7, at 3 [#28].

the policy number C8-9101-002.[22] The premium amount listed on the 1981 OneBeacon Policy is "$24,000."[23] The 1981 OneBeacon Policy does not contain Endorsement Number 4 or any similar provision.[24]

On or about March 28, 1981, Defendant issued an endorsement to the 1980 Aviva Policy that extended the policy period to the period from March 28, 1981 to March 28, 1982 (the "1981 Endorsement").[25] The 1981 Endorsement states:

> It is further understood and agreed that the following Corporations are specifically excluded from this policy which shall not inure to their benefit in any way:
> . . . .
> Harrisons & Crosfield (America) Inc.
> . . . .
> Harcros Inc.
> . . . .
> Harrisons & Crosfield (Pacific) Inc.[26]

Plaintiff issued policy number C8-9138-007 to Harrisons US effective March 28, 1982 through March 28, 1983 (the "1982 OneBeacon Policy").[27] Plaintiff has not located a copy of the 1982 OneBeacon Policy,[28] although the policy number was C8-9138-007[29] and the Parties agree

---

[22] Hincks Aff., Ex. 7, at 3 [#28].

[23] Hincks Aff., Ex. 7, at 3 [#28].

[24] See Hincks Aff., Ex. 7 [#28].

[25] Hincks Aff., Ex. 12, at 2 [#28].

[26] Hincks Aff., Ex. 12, at 2 [#28].

[27] Def.'s Facts ¶ 36 (citing Hincks Aff., Ex. 7, at 5 [#28]). As with the 1981 OneBeacon Policy, the Parties dispute whether the 1982 OneBeacon Policy was a renewal of the 1980 OneBeacon Policy.

[28] Def.'s Facts ¶ 37 (citing Hincks Aff., Ex. 7, at 5 [#28]).

[29] Def.'s Facts ¶ 36.

5

that the 1982 OneBeacon Policy was a renewal of the 1981 OneBeacon Policy.[30]

On or about March 28, 1982, Defendant issued an endorsement to the 1980 Aviva Policy that extended the policy period to the period from March 28, 1982 to March 28, 1983 (the "1982 Endorsement").[31] The 1982 Endorsement extended the 1981 Endorsement for an additional year, and "[a]ll other terms and conditions remain[ed] unchanged."[32]

B.  The Harrisons US Claims

In 1998, Plaintiff received notice of lawsuits filed against Harrisons US for bodily injuries relating to asbestos exposure for which Harrisons US was allegedly responsible (the "Harrisons US Claims").[33] On November 9, 2007, Plaintiff requested that Defendant fully indemnify Plaintiff for the amounts that it had incurred in connection with the Harrisons US Claims.[34] On November 13, 2007, Defendant responded that it would reimburse Plaintiff for only one third of the defense expenses and indemnity payments.[35]

C.  The Hurley Deposition and Affidavit

On January 25, 2011, Defendant deposed Paul Hurley Jr., a senior reinsurance analyst with Plaintiff.[36] Hurley was deposed as both a fact witness and as a Rule 30(b)(6) representative

---

[30] Mem. Law Supp. Aviva Ins. Co. Can.'s Mot. Summ. J., 15 [#26].

[31] Hincks Aff., Ex. 13, at 2 [#28].

[32] Hincks Aff., Ex. 13, at 2 [#28].

[33] Pl.'s Facts ¶ 6 [#24].

[34] Pl.'s Facts ¶ 9 [#24].

[35] Pl.'s Facts ¶ 10 [#24].

[36] Aff. Benjamin L. Hincks, Ex. 1 [#32] [hereinafter 2d Hincks Aff.].

of Plaintiff.[37] Specifically, Hurley was designated to testify on behalf of Plaintiff concerning (1) the negotiation, underwriting, and issuance of the 1980 Aviva Policy and (2) Plaintiff's handling of the reinsurance claim against Defendant at issue in this case.[38]

During his deposition, Hurley was asked about his involvement in the dispute between the Parties.[39] According to Hurley, other than sending copies of the policies to Defendant in response to their inquiry and fixing a OneBeacon system coding error, his involvement began in 2007 and has been limited to "the task of reporting the claims reserves, the payments, billing the claim to Aviva Canada."[40] He did not contact any current or former employees of Plaintiff or any broker who may have been involved in the underwriting of the OneBeacon Policies.[41] In addition, Hurley never reviewed any underwriting files for the OneBeacon Policies[42] nor completely read the OneBeacon Policies.[43]

Additionally, Hurley testified that he has no personal knowledge about the payment of a premium to Defendant.[44] Indeed, he testified that Plaintiff itself did not know whether any premium was ever paid to Defendant.[45]

---

[37] 2d Hincks Aff., Ex. 1, at 4–5 [#32].

[38] See 2d Hincks Aff., Ex. 1, at 4–5 [#32]; 2d Hincks Aff., Ex. 2, at 4 [#32].

[39] See 2d Hincks Aff., Ex. 1, at 6–7, 11, 13 [#32].

[40] 2d Hincks Aff., Ex. 1, at 7 [#32]; see 2d Hincks Aff., Ex. 1, at 6, 11, 13 [#32].

[41] See 2d Hincks Aff., Ex. 1, at 13–14 [#32].

[42] See 2d Hincks Aff., Ex. 1, at 11–13 [#32].

[43] See 2d Hincks Aff., Ex. 1, at 9–10 [#32].

[44] See 2d Hincks Aff., Ex. 1, at 17 [#32].

[45] See 2d Hincks Aff., Ex. 1, at 21 [#32].

Hurley submitted an affidavit ("Hurley Affidavit") dated June 24, 2011 in support of Plaintiff's Motion for Summary Judgment. Paragraph 6 of the Hurley Affidavit states:

> OneBeacon issued policy No. C8-9101-002, to Harrisons US, effective March 28, 1980 through April 1, 1981, which was renewed in 1981 by policy No. C8-9138-002, and again in 1982 by policy No. C8-9138-006 (the "US Policy"). A true and accurate copy of policy No. C8-9101-02 is attached hereto as Exhibit A. A true and accurate copy of policy No. C8-9138-002 is attached hereto as Exhibit B.[46]

Paragraph 8 of the Hurley Affidavit states:

> Aviva received a premium in exchange for its agreement to reinsure OneBeacon for policy No. CL C8-9101-002, and its renewal policies, C8-9138-002 and C8-9138-006.[47]

### D.  The Millette Affidavit

On June 24, 2011, Edwin M. Millette submitted an affidavit ("Millette Affidavit") in support of Defendant's Motion for Summary Judgment. In that affidavit, Millette opines that "there is nothing to indicate that Aviva agreed to reinsure the 1981 OneBeacon Policy nor 1982 OneBeacon Policy and . . . neither the 1981 OneBeacon Policy, nor the 1982 OneBeacon Policy constitutes . . . a renewal of the 1980 OneBeacon Policy."[48]

## III. Discussion

### A.  Defendant's Motion to Strike

Defendant moves, pursuant to Federal Rule of Civil Procedure 56, to strike portions of the

---

[46] Hurley Aff. ¶ 6 [#22].

[47] Hurley Aff. ¶ 8 [#22].

[48] Aff. Edwin M. Millette ¶ 19 [#29] [hereinafter Millette Aff.]; see Millette Aff. ¶ 27 [#29] ("[I]t is my professional opinion . . . that . . . Aviva did not agree to reinsure the 1981 OneBeacon Policy or the 1982 OneBeacon Policy, and the 1981 OneBeacon Policy and the 1982 OneBeacon Policy do not constitute renewals of the 1980 OneBeacon Policy.").

8

Hurley Affidavit.[49]

An affidavit "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."[50] In considering a motion to strike, a court must "'disregard only those portions of an affidavit that are inadequate and consider the rest.'"[51] "[P]ersonal knowledge is the touchstone" in this process.[52] To that end, "mere[] conclusory reiterations of the allegations of the complaint . . . . are insufficient."[53]

In addition, the First Circuit has articulated a "sham affidavit rule."[54] If "an interested witness has given clear answers to unambiguous questions, he cannot create a conflict and resist summary judgment with an affidavit that is clearly contradictory, but does not give a satisfactory explanation of why the testimony is changed."[55]

Here, Defendant seeks to strike a portion of Paragraph 6 and all of Paragraph 8 of the

---

[49] Aviva Ins. Co. Canada's Mot. Strike, 1 [#33] [hereinafter Def.'s Mot. Strike]. In addition, Defendant requests that this court strike a portion of Paragraph 3 and all of Paragraph 5 of Plaintiff's Concise Statement of Facts because those paragraphs depend entirely upon the improper assertions in the Hurley Affidavit. Id. at 1 n.1; see Pl.'s Facts ¶¶ 3, 5 [#24].

[50] Fed. R. Civ. P. 56(c)(4).

[51] Perez v. Volvo Car Corp., 247 F.3d 303, 315 (1st Cir. 2001) (quoting Akin v. Q-L Invs., Inc., 959 F.2d 521, 531 (5th Cir. 1992)).

[52] Id.; see id. at 316–17 (striking statements that were "conclusory rather than factual" because "[s]uch gauzy generalities are not eligible for inclusion in the summary judgment calculus").

[53] Roslindale Coop. Bank v. Greenwald, 638 F.2d 258, 261 (1st Cir. 1981).

[54] Mahan v. Bos. Water & Sewer Comm'n, 179 F.R.D. 49, 53 (D. Mass. 1998).

[55] Colantuoni v. Alfred Calcagni & Sons, Inc., 44 F.3d 1, 5 (1st Cir. 1994).

9

Hurley Affidavit.

   1.   Paragraph 6

Defendant seeks to strike the portion of Paragraph 6 that states: "which was renewed in 1981 by policy No. C8-9138-002, and again in 1982 by policy No. C8-9138-006 (the 'US Policy')."[56]

This conclusory allegation is impermissible for at least three reasons. First, the statement reiterates verbatim and without additional support an allegation in the Complaint.[57] Second, whether the 1981 and 1982 OneBeacon Policies are renewals of the 1980 OneBeacon Policy is a question of law for this court.[58]

Finally, Hurley has no personal knowledge of whether the 1980 OneBeacon Policy was renewed by the 1981 and 1982 OneBeacon Policies. By his own admission, Hurley never spoke to anyone involved in the processes of underwriting or issuing the OneBeacon Policies, never reviewed Plaintiff's underwriting file, and never completely read the OneBeacon Policies. Indeed, his involvement in the reinsurance claim was limited to "the task of reporting the claims reserves, the payments, [and] billing the claim to Aviva Canada."[59]

Because Hurley has no personal knowledge as to whether the 1981 and 1982 OneBeacon Policies renewed the 1980 OneBeacon Policy, this phrase of Paragraph 6 of the Hurley Affidavit

---

[56] Hurley Aff. ¶ 6 [#22].

[57] See Compl. ¶ 10 [#1] (stating, in part, "which was renewed in 1981 by policy No. C8-9138-002, and again in 1982 by policy No. C8-9138-006").

[58] See, e.g., Cody v. Conn. Gen. Life Ins. Co., 387 Mass. 142, 146 (1982) ("The interpretation of an insurance contract is not a question of fact for the jury."); infra note 68.

[59] 2d Hincks Aff., Ex. 1, at 7 [#32].

is stricken.

        2.      Paragraph 8

For the foregoing reasons, Hurley also lacks the personal knowledge necessary to support his assertion in Paragraph 8.

In addition, Paragraph 8 violates the sham affidavit rule because it contradicts, without "a satisfactory explanation,"[60] Hurley's prior deposition testimony. Hurley testified that he has no personal knowledge regarding premium payments in this case, and he specifically testified that he does not know whether any payments were ever made to Defendant.[61] Hurley may not now directly contradict, without explanation, his deposition testimony. Paragraph 8 is thus stricken.

Because this court strikes a portion of Paragraph 6 and all of Paragraph 8 of the Hurley Affidavit, this court likewise strikes the corresponding portion of Paragraph 3 and all of Paragraph 5 of Plaintiff's Concise Statement of Facts, which depend entirely upon the improper assertions in the Hurley Affidavit.

        B.      Plaintiff's Motion to Strike

Plaintiff moves to strike the Affidavit of Edwin M. Millette ("Millette Affidavit") on the ground that it contains inadmissible expert opinion testimony.

Expert testimony is admissible only "if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has

---

[60] Colantuoni, 44 F.3d at 5.

[61] See supra text accompanying notes 41–42.

11

applied the principles and methods reliably to the facts of the case."[62]  A party's intent or state of mind is not the proper subject of expert testimony.[63]  In addition, expert testimony that amounts to a statement of legal opinion or a conclusion of law is not admissible.[64]

To the extent that Millette opines that the 1981 and 1982 OneBeacon Policies are not renewals of the 1980 OneBeacon Policy, those opinions are stricken.  Similarly, to the extent that Millette opines as to the intent of either Party, those opinions are stricken.

In all other respects, however, the Millette Affidavit may stand.

### C. Summary Judgment Standard

To prevail on a motion for summary judgment, the moving party must show "that there is no genuine dispute as to any material fact" and that the moving party "is entitled to judgment as a matter of law."[65]  In deciding a motion for summary judgment, "a court is not authorized to make findings of fact."[66]  In ruling on a motion for summary judgment, a court must examine the record "in the light most favorable to, and drawing all reasonable inferences in favor of, the nonmoving

---

[62] Fed. R. Evid. 702; see Da Silva v. Am. Brands, Inc., 845 F.2d 356, 360–61 (1st Cir. 1988).

[63] SEC v. Goldsworthy, No. 06-10012-JGD, 2008 U.S. Dist. LEXIS 62223, *13–24 (D. Mass. January 3, 2008); see Williams v. Poulos, 11 F.3d 271, 282 n.20 (1st Cir. 1993).

[64] See Chapman v. Bernards, Inc., 167 F. Supp. 2d 406, 421 (D. Mass. 2001) (citing Nieves-Villanueva v. Soto-Rivera, 133 F.3d 92, 100 (1st Cir. 1997)).

[65] Fed. R. Civ. P. 56(a); see Baltodano v. Merck, Sharp & Dohme (I.A.) Corp., 637 F.3d 38 (1st Cir. 2011) (citing Collazo v. Nicholson, 535 F.3d 41, 44 (1st Cir. 2008)).

[66] Ross v. Framingham Sch. Comm., 44 F. Supp. 2d 104, 113 (D. Mass. 1999) ("[T]he court must decide the motion on the basis of undisputed facts, and the motion must be denied if the opposing parties have succeeded in identifying any factual issue that is genuinely in dispute and material to [the] outcome under applicable law.").

party."[67] If a court is presented with cross-motions for summary judgment, "it must view each motion, separately," in the light most favorable to the non-moving party.[68]

If the moving party does not have the burden of proof at trial, that party may merely make a showing that the evidence is insufficient to support the case of the nonmoving party.[69]

D.  Contractual Interpretation of Insurance Policies

The First Circuit has been explicit that the "'interpretation of an insurance contract and the application of policy language to known facts present questions of law for the judge to decide.'"[70] An insurance contract must be interpreted "'according to the fair and reasonable meaning of the words in which the agreement of the parties is expressed,'"[71] and "[e]very word in an insurance contract 'must be presumed to have been employed with a purpose and must be given meaning and effect whenever practicable.'"[72]

E.  Plaintiff's Motion for Summary Judgment

Plaintiff moves for summary judgment in its favor that Defendant is obligated to reinsure

---

[67] De La Cruz v. El Conquistador Resort & Country Club, 218 F.3d 1, 5 (1st Cir. 2000).

[68] Estate of Hevia v. Portrio Corp., 602. F.3d 34, 40 (1st Cir. 2010) (citing Blackie v. Maine, 75 F.3d 716, 721 (1st Cir. 1996)).

[69] Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986) ("[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case.").

[70] Sarsfield v. Great Am. Ins. Co. of N.Y., 335 Fed. Appx. 63, 65 (1st Cir. 2009) (quoting Herbert A. Sullivan, Inc. v. Utica Mut. Ins. Co., 439 Mass. 387, 394 (2003)); see Allmerica Fin. Corp. v. Certain Underwriters at Lloyd's, London, 449 Mass. 621, 628 (2007).

[71] Allmerica, 449 Mass. at 628 (quoting Cody, 387 Mass. at 146).

[72] Id. (quoting Jacobs v. United States Fid. & Guar. Co., 417 Mass. 75, 77 (1994)).

each of the three OneBeacon Policies.[73] Plaintiff argues that the insurance policy language is clear "that Aviva is contractually obligated to reinsure OneBeacon one hundred percent for each of the three policy periods of the [OneBeacon Policies]."[74] According to Plaintiff, the 1981 and 1982 OneBeacon Policies are "clearly . . . renewal policies."[75] Plaintiff supports this contention with a citation to Paragraph 6 of the Hurley Affidavit. Plaintiff further argues that this result represents "the plain language of the policies."[76]

With the relevant portion of Paragraph 6 of the Hurley Affidavit now stricken, Plaintiff's position finds no support in the record. Although the language of both the 1980 OneBeacon Policy and the 1980 Aviva Policy is clear that Defendant reinsured any renewals of the 1980 OneBeacon Policy,[77] the status of the 1981 and 1982 OneBeacon Policies as either renewals or as separate policies is not clear on the face of those documents. Neither the 1981 or 1982 OneBeacon Policy states affirmatively that it is a renewal of the 1980 OneBeacon Policy. (Indeed, Plaintiff has been unable to produce a copy of the 1982 OneBeacon Policy.)

For these reasons, Plaintiff has failed to demonstrate that it is entitled to judgment as a matter of law, and its <u>Motion for Summary Judgment</u> is denied.

---

[73] OneBeacon Am. Ins. Co.'s Mot. Summ. J., 1 [#20].

[74] Pl.'s Mem. Law Summ. J., 7 [#21].

[75] Pl.'s Mem. Law Summ. J., 9 [#21].

[76] Pl.'s Mem. Law Summ. J., 7 [#21].

[77] <u>See</u> Hurley Aff., Ex. A, at 14 [#22] ("It is understood and agreed that this policy <u>or any renewal thereof</u> is 100% reinsured by [Defendant] . . . ." (emphasis added)); Noe Aff., Ex. A, at 33 [#23] ("[T]he Insurer agrees that this policy is placed in conjunction with and reinsures Policy No. CL C8-9101-002 issued by Commercial Union Insurance Company, <u>or any renewal thereof</u> . . . ." (emphasis added)).

F.     Defendant's Motion for Summary Judgment

Defendant moves for summary judgment "because the undisputed facts show unequivocally that Aviva did not reinsure OneBeacon's insurance policies covering the periods April 1, 1981 through April 1, 1982 . . . or April 1, 1982 to April 1, 1983."[78]

The only contract between the Parties, the Facultative Certificate, is reason enough to grant summary judgment for Defendant. The Facultative Certificate unambiguously states that the term of reinsurance extended from March 28, 1980 until April 1, 1981.[79] No such reinsurance contract exists for any other policy period. In the absence of any other reinsurance contract, the only reasonable interpretation of the Facultative Certificate is that Defendant reinsured only the 1980 OneBeacon Policy.

The record contains ample further evidence that Defendant reinsured only the 1980 OneBeacon Policy and not the 1981 nor the 1982 OneBeacon Policy. For instance, the 1980 Aviva Policy, which Defendant issued to Harrisons Canada, also insured Harrisons US.[80] But at the time that Defendant and Harrisons Canada extended, until 1982, the 1980 Aviva Policy, Defendant issued the 1981 Endorsement, which unambiguously provided that Harrisons US was excluded from coverage by stating that "the following Corporations are specifically excluded from this policy which shall not inure to their benefit in any way: . . . . Harrisons & Crosfield (America)

---

[78] Aviva Ins. Co. Can.'s Mot. Summ. J. ¶ 1 [#25].

[79] Further, the reinsurance premium listed, $45,530.00 Canadian, is the exact same premium listed on the 1980 OneBeacon Policy. A reasonable interpretation of this similarity is that in exchange for one-hundred percent of the premium for the 1980 OneBeacon Policy, the Facultative Certificate transferred one-hundred percent of the risk under the 1980 OneBeacon Policy to Defendant.

[80] See supra text accompanying note 10.

15

Inc. . . . . Harcros Inc. . . . . Harrisons & Crosfield (Pacific) Inc."[81] The "fair and reasonable"[82] meaning of these words is that Defendant was not providing insurance coverage to any of the Harrisons US entities.[83]

Additionally, there are clear indicators that the 1981 OneBeacon Policy was not a renewal of the 1980 OneBeacon Policy. First, the policy number sequencing of the two Policies is different. The 1980 OneBeacon Policy uses the policy number C8-9101; the 1981 OneBeacon Policy uses a new policy number, C8-9138. In contrast, the 1982 OneBeacon Policy, which the Parties agree was a renewal of the 1981 OneBeacon Policy, used the same policy number as the 1981 OneBeacon Policy, C8-9138. Because the 1982 OneBeacon Policy used the same policy number as the policy that it renewed, this court sees no reason why the 1981 OneBeacon Policy would not have used the same policy number as the 1980 OneBeacon Policy if it did, in fact, renew the 1980 OneBeacon Policy.

Second, and similarly, the 1980 and 1981 OneBeacon Policies list different Producer codes. The Producer code for the 1980 OneBeacon Policy is 02-20211, and the Producer code for the 1981 OneBeacon Policy is 02-20020.

Third, the 1980 and 1981 OneBeacon Policies contain different premium information. The premium for the 1980 OneBeacon Policy is listed in Canadian dollars, and the premium for the 1981 OneBeacon Policy is listed in U.S. dollars. Such a change makes sense given this

---

[81] See Hincks Aff., Ex. 12, at 2 [#28].

[82] Sarsfield, 335 Fed. Appx. at 65.

[83] The 1982 Endorsement left all "terms and conditions . . . unchanged," Hincks Aff., Ex. 13, at 2 [#28], so Defendant did not provide direct insurance or reinsurance for Harrisons US in the 1982 policy year, either.

16

court's ultimate conclusion that Defendant, a Canadian entity, was ultimately responsible for the risk in the 1980 policy year, but Plaintiff, an American entity, was ultimately responsible for the risk in the 1981 policy year.

Finally, the 1981 OneBeacon Policy does not contain Endorsement Number 4.[84] This omission is consistent with the view that Defendant had terminated its reinsurance relationship with Plaintiff and that Plaintiff was ultimately responsible for the risk in the 1981 policy year.

For these reasons, this court is persuaded that Defendant did not reinsure the 1981 and 1982 OneBeacon Policies. Defendant's Motion for Summary Judgment is therefore allowed.

IV.  Conclusion

For the foregoing reasons, Defendant's Motion to Strike [#33] is ALLOWED; Plaintiff's Motion to Strike Affidavit of Edwin M. Millette [#38] is ALLOWED IN PART and DENIED IN PART; Plaintiff's Motion for Summary Judgment [#20] is DENIED; and Defendant's Motion for Summary Judgment [#25] is ALLOWED.

AN ORDER HAS ISSUED.

    /s/ Joseph L. Tauro
   United States District Judge

---

[84] Likewise, there is no evidence that the 1982 OneBeacon Policy contains Endorsement Number 4 or any similar provision.